UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| YVES MABONEZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 19-2083-JBM |
| | ) |
| DR. THIERY HENRY et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files an action under 42 U.S.C. § 198, alleging deliberate indifference to his serious medical needs and sexual assault at the Danville Correctional Center ("Danville"). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff has handwritten his complaint in a very florid style which is difficult to read. The Court understands Plaintiff to plead that some time prior to April 11, 2017, he began noticing white blood-stained tissue in his bowel movements. Plaintiff believes that the tissue was caused by unspecified "stomach bleeding." On April 11, 2017, Plaintiff saw Dr. Young in response to these complaints. Plaintiff gave Defendant Young a stool sample which allegedly showed the aforementioned blood-tinged white tissue. Defendant Young indicated that he needed to undertake a rectal exam. Plaintiff consented to it, but only grudgingly, and because he feared that he was bleeding internally.

Plaintiff claims that when Defendant Young undertook the rectal exam, he placed the sperm of another inmate, Wilkerson, into Plaintiff's rectum. Plaintiff states this in conclusory fashion, not providing any supporting detail, not explaining how this could have been accomplished, or why he believes this to be the case. Plaintiff also claims that psychiatrist, Defendant Henry, "set him up" for the sexual assault when, in response to his complaints, she scheduled him to be seen by Dr. Young. Plaintiff makes the additional claim that Defendant Henry put him on an unidentified "forced medication." It is unclear whether Plaintiff has offered any further detail as to the forced medication as the handwriting at this point is indecipherable.

Under Fed. R. Civ. P. 8(a)(2), a plaintiff is required to plead in a manner which shows he is entitled to some form of relief. *See Long v. Wondra*, No. 12- 647, 2013 WL 12098999, at *4 (W.D. Wis. Sept. 16, 2013), *aff'd,* 553 Fed. Appx. 637 (7th Cir. 2014). "While it is not necessary to plead specific facts, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id*. quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) ("observing that courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") Here, Plaintiff has not provided sufficient detail in his allegations against Defendant Henry to state a plausible case.

Plaintiff's allegations against Defendant Young are even more threadbare. While a prison official is potentially liable if he acts "in a harassing manner intended to humiliate and inflict psychological pain," *Turner v. Huibregtse*, 421 F.Supp. 2d 1149, 1151 (W.D. Wis March 22, 2006), Plaintiff does not provide sufficient corroborating detail. Plaintiff's claim is so extreme and so devoid of fact that it might well be delusional. *See McCuan v. Campanella*, No. 16- 00605, 2016 WL 6248318, at *2–3 (S.D. Ill. Oct. 26, 2016) (a court is not required, under the IFP statute, to accept allegations that are clearly divorced from reality).

Here, Plaintiff's unsupported allegations fails to state a cognizable claim. In an abundance of caution, however, Plaintiff will be given an opportunity to replead within 30 days, with more specificity.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. It is recommended that Plaintiff either print the amended complaint or handwrite it in a more legible fashion.

2. Plaintiff files [6] indicating that his last name has been misspelled in the caption and should read "Maboneza" rather than "Mabonza". [6] is GRANTED to the extent that the Clerk is directed to correct the caption.

7/18/2019  
ENTERED

s/ Joe Billy McDade  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE