E-FILED
Monday, 03 February, 2020  11:48:47 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| YVES MABONEZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 19-2083-JBM |
| | ) |
| DR. THIERY HENRY and DR. YOUNG | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW -AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint alleging sexual assault and deliberate indifference to his serious medical needs at the Danville Correctional Center ("Danville"). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

On April 11, 2017, Plaintiff was taken to the Danville Dispensary where he was seen by Defendant Dr. Young. Plaintiff indicates that for an unspecified period he was passing "white blood-stained tissue" in his bowel movements which he believed were indicative of internal bleeding. When Dr. Young proposed undertaking a rectal examination, Plaintiff refused, asserting that he had submitted numerous stool specimens. Plaintiff offered to submit another and used the toilet in Defendant's presence. At that time, he allegedly produced a white blood-stained specimen to the surprise of Defendant Young.

In response, Defendant Young recommended that Plaintiff undergo a rectal exam and Plaintiff consented. Plaintiff claims that during the exam, it felt as if "a tube was scooping up all of the liquid that was flowing out of me." Plaintiff also complains that Defendant used his middle finger to conduct the exam. At the conclusion, Defendant allegedly laughed, stating that he now believed Plaintiff. Plaintiff states, without explanation, that Defendant indicated he would refer Plaintiff to an OB-GYN.

Plaintiff alleges that several days after the rectal exam, he began experiencing sharp pain in the rectum, which was followed, several weeks later, by a foul odor. Plaintiff does not offer an explanation as to the cause of these symptoms. Similarly, he does not allege that they occurred due to any misconduct on the part of Defendant Young.

Plaintiff alleges that the exam caused him to feel humiliated and seriously violated. He believes that Defendant Young undertook the exam to make him angry, so that he could be forced to take "serious mental illness medication." Plaintiff alleges that on May 1, 2017, Defendant Psychiatrist Henry placed him on "enforced drugs" to cover up the alleged sexual assault by Dr. Young. Plaintiff requests $100 million in damages and that Defendant Young be required to register as a sex offender.

Plaintiff's earlier complaint was dismissed for failure to plead a cognizable claim under Fed. R. Civ. P. 8(a)(2). Though given an opportunity to amend, Plaintiff has plead vague and non-actionable claims. While Plaintiff claims that Defendant Young's rectal exam constituted a sexual assault, Plaintiff consented to it as he believed he was suffering from internal bleeding. Plaintiff cannot predicate an Eight Amendment claim on the Doctor's alleged use of his middle rather than index finger during the exam. While Plaintiff alleges that he felt as though a tube was scooping up liquid from his rectum, this is too vague and devoid of fact to substantiate that

Defendant's actions constituted deliberate indifference, particularly as an exam of this nature cannot be undertaken without some level of pain or discomfort.  Plaintiff has been given several opportunities and has been unable to allege a colorable claim of sexual assault.  This claim is, therefore, DISMISSED with prejudice as Plaintiff cannot assert a constitutional claim under these facts.

Plaintiff attempts, once again, to assert a claim regarding "enforced" medication but provides almost no detail in support.  He does not identify the type of medicine he was allegedly forced to take, the alleged reason for which it was given, or the way in which it was administered.  Plaintiff will be given a final opportunity to replead this claim with more detail.  The failure to replead will result in the dismissal of the complaint for failure to state a claim.

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff will have a final opportunity within 30 days, to replead his claims regarding the forced administration of medication.  If Plaintiff repleads, he is to caption the pleading a Second Amended Complaint and to include all claims without reference to a prior pleading.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.  Plaintiff's claim as to the alleged sexual assault by Defendant Young is DISMISSED with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Any amendment to the claim would be futile as the facts will not support that a constitutional violation occurred.  Defendant Young is DISMISSED.

2/3/2020  
ENTERED

\_\_s/Joe Billy McDade_____  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE